The seven years' limitation will not avail a def't, unless there had been a settlement on the land in contest.

Where an island is subject to overflow and an enclosure is not necessary to its enjoyment, and it is used by the defendant in the way most appropriate considering its nature, continuously for 20 years adversely, it *may* be a bar to the right of entry of the elder patentee.

# Webbs *vs* Hynes.

## ERROR TO THE CRITTENDEN CIRCUIT.

### *Ejectment. Limitation. Possession.*

JUDGE SIMPSON delivered the opinion of the Court.

THE limitation of seven years could not afford any protection to the defendants in the Court below, because there had been no settlement on the land in controversy, either by themselves or their tenants; and this act applies only to cases in which the possession has been acquired, and continued by actual settlement and residence upon the land. Nor can they derive any benefit from the fact, that those under whom they claim, resided on contiguous land, inasmuch as it did not adjoin the land in dispute, which was a distinct and separate tract.

The defendants, however, and those under whom they claim, may have had such a possession of the land in controversy for twenty years before this suit was commenced, as would toll the right of entry of the elder patentee. The land in dispute is an island in the Ohio river, subject to overflow. If a fence was unnecessary to its enjoyment, and if it was used by the defendants, in the way most appropriate, considering its nature and liability to be inundated, and that use was continued whenever the condition of the land would permit, we entertain no doubt such use would constitute an adverse possession, which if continued uninterruptedly for twenty years before suit brought, would be sufficient to toll the right of entry of the elder patentee.

This case, in two particulars, is unlike those in which it has been decided, that the occasional cutting of timber, or the occasional use of a sugar camp by the defendants for twenty years, was not such a continued occupancy as would bar the plainiff. In the cases last mentioned, the mode of using the land was not actual

appropriation of the land itself, but rather of some of its incidents merely; and in the next place, it appeared that the plaintiff was in possession, having had the legal title to the land in controversy, and having previously entered on his tract outside of the disputed boundary.

In this case, the plaintiffs, or those under whom they claim, although invested with the legal title, had never entered on the land sued for, so that the possession was vacant when the defendants claiming under the junior patent, entered and took possession. And in the next place, the possession so taken, may from the testimony, have been by using the land in the only way in which it would have been rationally and prudently enjoyed.

If the land in controversy was not in the actual possession of the elder patentee, or any person claiming under him, and was entered upon by Ford, under whom the defendants claim, after his purchase from Rumsey, the junior patentee, with an intention to take possession of it, and if he placed his stock upon it for that purpose, and continued to use it in the mode, and at such times as was proper, considering its nature and locality, claiming it as his own, and if no fence was necessary for its enjoyment, and such possession was at no time abandoned by him, or those claiming under him, but was continued uninterruptedly for twenty years, such possession would form a complete bar to the plaintiff's recovery.

*—But such a possession must have been continued without change when it was practicable.*

If the stock was withdrawn from the island at certain seasons of the year, whether such an act would amount to an abandonment of the possession, would depend entirely on the intention of the defendant, to be collected from his acts. If it was done because the island could not be safely used longer, or the grass was exhausted, or from other prudential motives, and with the intention still to retain the possession and use it the following season, or as soon thereafter as it could be safely and beneficially used, it would clearly not amount to an abandonment of the possession. But if the defendant's stock was withdrawn from the island, and it was not used by them in any way during the following year, or as soon as it could be safely and properly used, the

inference might arise that the possession had been abandoned, and thereby became vacant.

These, however, are matters of fact, to be determined by a jury. The instructions given by the Circuit Court upon the trial, did not however present the case to the jury according to the views of the law expressed in this opinion.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings in conformity with this opinion.

*J. & W. L. Harlan* for plaintiff; *B. & A. Monroe* for defendants.